174 April 30, 2025 No. 376

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. S. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. K. R.,
*Appellant.*

Baker County Circuit Court
22JU05568; A184700 (Control)

In the Matter of S. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. K. R.,
*Appellant.*

Baker County Circuit Court
22JU05569; A184701

Matthew B. Shirtcliff, Judge.

Submitted March 18, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this juvenile dependency case, father appeals the juvenile court's order denying his motion to dismiss the juvenile court's jurisdiction over his two youngest children, N and S.[1] In his six assignments of error on appeal, father argues that his circumstances had changed such that the risk of harm created by the original jurisdictional bases had been ameliorated. In the alternative, he asserts that the Department of Human Services (DHS) relied on evidence of facts extrinsic to the adjudicated bases by introducing evidence of emotional harm as well as his failure to engage in his own and his children's mental health treatment or understand the severity of their mental health needs. We conclude that the need for mental health treatment for father and the children did not constitute extrinsic facts on this record, and regardless, the juvenile court did not impermissibly rely on those facts in making its ruling. Ultimately, the record contained sufficient evidence to conclude that some aspects of each jurisdictional basis relevant to this appeal continued to create a risk of serious harm that was likely to be realized absent jurisdiction. Accordingly, we affirm.[2]

In January 2023, the juvenile court asserted jurisdiction over N and S on two bases: (1) "[f]ather is unable to protect the children from abuse and neglect by [mother]"; and (2) "[f]ather is unable to protect the child[ren] from unsafe individuals, drug paraphernalia, illicit substances in the home creating a risk of harm and failed to obtain proper medical and dental care for the child[ren]." Father moved to dismiss jurisdiction over his children in February 2024, and a hearing was held in April and May 2024 where the juvenile court continued jurisdiction. Father appeals that decision.

On appeal, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the

_____

[1] We previously dismissed as moot father's appeal as to jurisdiction over his two oldest children, M and H, and thus, we only address the appeal as to N and S. Mother is not a party this appeal.

[2] Father appealed both the juvenile court's order denying his motion to dismiss jurisdiction and the permanency judgment that arose from the same hearing. The related case addressing the permanency judgment is *Dept. of Human Services v. H. K. R. (A184897)*, 340 Or App 179, ___ P3d ___ (2025).

light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We defer to the juvenile court's factual findings "unless there is no evidence in the record to support them." *Dept. of Human Services v. D. M.*, 248 Or App 683, 685, 275 P3d 971 (2012). In addressing father's argument that the juvenile court relied on evidence of facts extrinsic to the adjudicated jurisdictional bases, we review for legal error. *Dept. of Human Services v. T. L.*, 287 Or App 753, 755, 403 P3d 488 (2017).

After reviewing the record, we conclude that DHS presented sufficient evidence for the juvenile court to determine that the original jurisdictional bases continued to pose a current threat of serious loss or injury that was likely to be realized absent jurisdiction. *See Dept. of Human Services v. T. L.*, 279 Or App 673, 685, 379 P3d 741 (2016) (explaining that in our two-part inquiry, we "must determine whether the original bases for jurisdiction continue to pose a current threat of serious loss or injury," and then "assess the likelihood that that risk will be realized"). Both jurisdictional bases involve the risk that unsafe individuals pose to the children because of father's inability to recognize that risk and protect the children from it. DHS presented evidence that father had recent contact with mother, mother's daughter, Skyla, and his friend, Vera, who were all found to be unsafe individuals in the children's lives. Father's testimony supported the court's finding that he, at best, minimized the risk these individuals posed to his children, and, thus, would be unlikely to protect the children from further abuse. *See, e.g.*, *Dept. of Human Services v. D. L.*, 308 Or App 295, 308, 479 P3d 1092, *rev den*, 367 Or 688 (2020) (explaining that the court "was entitled to consider mother's continued minimization of the [conduct] in determining the current likelihood that [the child] will suffer serious loss or harm if wardship is terminated").

In the alternative, father argues that the court relied on extrinsic facts, N and S's mental health needs, to continue jurisdiction. *T. L.*, 287 Or App at 763 (Facts are not fairly implied and are thus extrinsic to the jurisdictional

bases "if a reasonable parent would not have known from the jurisdictional judgment that he or she needed to address the condition or circumstance exemplified by those facts."). To support his argument, father asserts that DHS establishing a separate jurisdictional basis for N and S's older sister's mental health needs supports the conclusion that he did not have adequate notice of N and S's mental health needs. *See T. W. v. C. L. K.*, 310 Or App 80, 91, 483 P3d 1237, *rev den*, 368 Or 515 (2021) (explaining adequate notice). We are not persuaded. The children's mental health needs were fairly implied by the jurisdictional bases establishing that the children were experiencing abuse and neglect. To the extent that the juvenile court relied on evidence of N and S's mental health needs to continue jurisdiction, it did not err in doing so.

Affirmed.